**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**MOTU FEAGAIMAALI'I, JR., Defendant.**

High Court of American Samoa
Trial Division

CR No. 07-04

April 26, 2004

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Jeremy M. Kirkland, Assistant Attorney General
For Defendant, Andrew T. Stave, Assistant Public Defender

ORDER GRANTING EX PARTE MOTION ON REQUEST FOR EXPERT, DENYING MOTION FOR EXPEDITED HEARING & OTHER EX PARTE MOTIONS, AND NOTICE OF HEARING

On April 12, 2004, and April 14, 2004, counsel for Defendant Motu Feagaimaali`i, Jr. ("Motu") filed a battery of motions under the umbrella of a "Verified Confidential Application For Expert." Containing the arguments for the motions, the actual application for expert, and one supplement, the package was filed *ex parte* and *in camera*. In order to respect the defense's expectations when filing, we will not reveal motions unknown to Plaintiff ASG at this time. Attempting to explain the legal basis for the *ex parte* motions, a second supplement to the application was filed and served to ASG. The deadline for the filing of pretrial motions lapsed on April 12, 2004.

 Generally, we permit the defense to make requests for experts *ex parte* to protect defense work product and the attorney-client privilege. *See Hightower v. Schofield*, No. 00-15807, 2004 WL 764596 at *14 (11th Cir. Apr. 12, 2004). However, we discourage *ex parte* communication and deny *ex parte* hearing requests on motions for experts which can be made without the disclosure of privileged material.

In this case, we grant the *ex parte* and *in camera* hearing request on the motion for expert. Containing privileged information, the motion was properly filed *ex parte*. Exercising our discretion, we deny an expedited hearing on this motion.

 Without prejudice, we deny all other motions filed by the defense on April 12, 2004 and April 14, 2004. In reviewing these filings, it appears that defense counsel considers that his *ex parte* request for expert permits him to bring other motions before us. Unnecessarily attaching other motions to the *ex parte* motion for expert is unfair to ASG and unacceptable. As filed, the motions improperly deny ASG an opportunity to respond because these motions can be effectively argued without revealing privileged information.

141

To allow the defense an opportunity to properly bring *only* the motions at issue here, we grant a limited extension of the deadline for filing motions. The defense may serve and re-file these motions in accordance with standard procedure by May 7, 2003.[1]

## Order

1. Defendant's motion for *ex parte* and *in camera* hearing on the motion for expert is granted.
2. Defendant's motion for expedited hearing on the motion for expert is denied.
3. Defendant's other *ex parte* motions filed on April 12 and 14, 2004 are denied.
4. A hearing on the motion for expert will be held at a later date.

---

[1] We also give defense counsel the opportunity to meet his ethical obligations to inform his client about matters which require informed consent and about "the means by which the client's objectives are to be accomplished." MODEL RULES OF PROF'L CONDUCT R. 1.4 (2002).